JUAN SANFIORENZO ACOSTA, demandante y apelado, *v.*
EL MUNDO, INC., demandada y apelante.

*Número:* 12871     *Resuelto:* 12 de febrero de 1963

*Rivera Zayas, Rivera Cestero & Rúa,* abogados de la apelante;
*Raúl A. Feliciano,* abogado del apelado.

PER CURIAM: Apela El Mundo, Inc., de la sentencia de
2 de julio de 1958 del Tribunal Superior, Sala de San Juan,
que la condena a pagar al apelado la suma de $1,500, por
concepto de daños y perjuicios ocasionados a este último por
la publicación de una noticia en primera plana del periódico
de la apelante que la corte de instancia consideró falsa, no

amparada por privilegio alguno, absoluto o condicionado, y libelosa por ser humillante a la persona del apelado y ocasionar una reacción desfavorable hacia su persona entre sus vecinos y clientes de su comercio.

En primera plana de El Mundo del 6 de agosto de 1956 se publicó la siguiente información:

### "CARCEL POR BESO

BAYAMÓN (Por Antonio Santiago)—Un hombre que besó a una joven en su residencia fue acusado por el Juez Balbino Colón Martínez, de un delito de acometimiento y agresión grave.

La Policía arrestó a Juan Sanflorencio [sic] de 43 años, vecino del sitio La Cuchilla, de Hato Tejas. Se alega que Sanflorencio [sic] entró a la residencia de la señorita C . . . . . R . . . . . M . . . . . , besándola en la boca mientras ella se encontraba haciendo el desayuno.

El acusado ingresó en la cárcel municipal, al no poder prestar la fianza de $500 que le fijó el juez Colón Martínez."

La prueba demostró que un corresponsal del mencionado periódico basó la referida información en la que aparece de los folios 141, 142, 157 y 158, del Libro de Querellas del Cuartel de la Policía Estatal de Bayamón, excepto que la información es errónea, inexacta e incierta en los siguientes aspectos:

(1) La publicación objeto de la demanda en este caso informó que el apelado entró a la residencia de la señorita mencionada, besándola en la boca mientras ésta se encontraba haciendo el desayuno, cuando lo cierto es, según la denuncia y el contenido del Libro de Querellas de la Policía, que el acto ocurrió en el momento en que esta señorita se encontraba en la cocina de la residencia del apelado.

(2) Informó además dicha publicación, que el apelado ingresó en la cárcel municipal al no poder prestar fianza de $500 que le fijó el juez Colón Martínez cuando lo cierto es que al apelado se le acusó de acometimiento y agresión grave,

se le fijó una fianza de $500, se le dejó bajo la custodia de un policía, mientras gestionaba la fianza, y más tarde, el mismo día, prestó la fianza.

El récord demuestra que se presentó prueba de que el apelado sufrió una merma en su negocio durante los meses siguientes a la publicación en cuestión. La corte de instancia estimó tales daños en $500. Dicha corte de instancia concluyó además que el apelado sufrió daños morales por la humillación que le ocasionara la publicación falsa del apelante y por la reacción desfavorable a su persona de parte de los vecinos y clientes suyos del sitio donde tiene establecido su negocio, estimando tales daños en mil dólares ($1,000). Resolvió dicha corte que "al publicar una información que era contraria a la consignada en el Libro de Novedades, la demandada se salió del campo de acción privilegiada que tiene como diario de información pública."

Se señalan cinco errores que se sintetizan así:

(1) que la información era cierta en su parte fundamental y sustancial;

(2) que era condicionalmente privilegiada;

(3) que si el apelado sufrió daños fue debido al hecho de ser procesado y no a la publicación de la noticia;

(4) que la información incierta de que el apelado ingresó en la cárcel al no prestar fianza era una parte insustancial y trivial de la información ya que no es derogatorio ni ofensivo el que una persona por falta de recursos o por cualquier otra razón no pueda prestar fianza; y

(5) se publicó la información sin propósitos o intención maliciosa o aviesa contra el demandante y cumpliendo con el deber de mantener informada a la comunidad.

■ La información publicada no constituye, a nuestro juicio, un libelo *per se*, pues el imputarle a un individuo el haber besado a una mujer no constituye por sí solo la imputación de un delito público. En este caso la referencia a la comisión de un delito surge de la publicación del hecho de que un juez había acusado al recurrido del delito de acome-

timiento y agresión grave. La publicación sobre la formulación de tal acusación y de la fijación de la fianza tampoco es libelosa ya que la prueba demostró que se trata de información justa y verdadera de un procedimiento judicial—que consistió de la causa por acometimiento y agresión grave seguida contra el recurrente que motivó su acusación, fianza y juicio ante el tribunal correspondiente y que resultó en su absolución—y, por lo tanto, es privilegiada bajo las disposiciones de la Sec. 4 de la Ley de 19 de febrero de 1902—32 L.P.R.A. secs. 3144-3145. (¹)

■ Los errores que señala el tribunal de instancia cometidos al transcribir en la información publicada el contenido del Libro de Querellas de la Policía, en el sentido de que el recurrido fue arrestado, ingresó en la cárcel al no poder prestar fianza, y que el acto se realizó en la casa de la perjudicada, además de ser insustanciales, no le imparten carácter libeloso a dicha publicación, aun cuando se trate de un comerciante, pues no lo expusieron al odio del pueblo o a su desprecio ni tendieron a privarle del beneficio de la confianza pública y trato social. Tampoco lo perjudicaron en sus negocios, pues la prueba demostró que cualquier perjuicio al negocio del recurrido fue ocasionado por la publicación de la información total y no de la parte que resultó ser errónea.

■ Tampoco se estableció un caso de libelo *per quod* ya que no se probaron los elementos esenciales de esta modali-

---

(¹) "Sec. 4.

No se tendrá por maliciosa, ni como tal se considerará la publicación que se hace en un procedimiento legislativo, judicial, u otro procedimiento cualquiera autorizado por la ley. No se presumirá que es maliciosa la publicación que se hace:

Primero: En el propio desempeño de un cargo oficial;

Segundo: En un informe justo y verdadero, de un procedimiento judicial, legislativo u oficial, u otro procedimiento cualquiera, o de algo dicho en el curso de dichos procedimientos;

Tercero: A un funcionario oficial, apoyada en causa probable, con la intención de servir al procomún, o de conseguir remedio a un perjuicio hecho a un particular."

dad del líbelo que son la malicia y los daños provenientes de los alegados errores de la publicación.

Es innecesario, por lo tanto, considerar los cinco errores señalados por la recurrente, pues los mismos parten de la base errónea de que la información publicada es libelosa cuando previamente hemos concluido que no lo es.

*Por las razones indicadas, debe revocarse la sentencia recurrida y, en su lugar, dictarse otra declarando sin lugar la demanda en este caso.*

El Juez Presidente Señor Negrón Fernández no intervino.